UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:22-cr-59-TAV-JEM-1 |
| | ) | |
| PHYLLIS DOTY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are defendant's *pro se* motions for early termination of supervised release [Docs. 2, 3]. Following a jury trial, on September 4, 2018, a jury in the Southern District of West Virginia found defendant guilty on four counts of wire fraud, in violation of 18 U.S.C. § 1343, two counts of theft concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(A), one count of mail fraud, in violation of 18 U.S.C. § 1341, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A [Case No. 2:18-cr-34 ("WV Case"), Docs. 63, 142]. On March 25, 2019, the district court sentenced defendant to a 42-month term of imprisonment, to be followed by a 3-year term of supervised release [WV Case, Doc. 181]. On July 5, 2022, defendant's supervised release was transferred to the jurisdiction of this Court [Doc. 1].

On August 14, 2023, and August 21, 2023, defendant filed motions asking the Court to prematurely terminate her supervised release [Docs. 2, 3].[1] In support of her request,

---

[1] The Court notes that defendant filed two identical motions which are duplicative of one another [Docs. 2, 3]. Accordingly, this Order resolves both motions.

defendant states she has completed more than half of her term of supervised release. During that time, defendant reports that she has paid in full her fines, fees, and restitution. She states she has maintained employment and "completed all her requirements." Additionally, defendant hopes to work as a medical equipment sales representative, a position that would require her to travel and help support her family. Finally, defendant notes that she recognizes the gravity of her past mistakes and represents her deep remorse for any harm she caused [*Id.*].

The United States Probation Office (the "USPO") states that defendant has completed half of her three-year term of supervised release. The USPO further states that defendant has reported as instructed and had no issues of noncompliance. Additionally, the USPO highlights that defendant paid in full $25,038.10 in restitution and $800 in special assessment fees. However, the USPO raises concerns about defendant's acceptance of responsibility in her case. In particular, defendant proceeded to a jury trial in which she was convicted on all counts. Further, the USPO notes that defendant has not accepted responsibility and reports that she continues to deny her involvement. Finally, the USPO states that defendant received an enhancement at her sentencing for attempting to obstruct justice for actions taken during the investigation of her case. In light of the above, the

---

Second, in her motions, defendant asks for early release from probation [Docs. 2, 3]. However, the district court in West Virginia sentenced defendant to a term of supervised release of three years [Case No. 2:18-cr-34, Doc. 181]. As a result, the Court construes defendant's motions as asking for early termination of supervised release.

2

USPO objects to defendant's request for early termination of supervised release and recommends that defendant remain on supervised release for the remainder of her sentence.

The government likewise opposes defendant's request. In particular, the government believes defendant never accepted responsibility for her crimes, as she was convicted at trial and appealed her conviction. The government also cites defendant's motion for compassionate release from prison based on the COVID-19 pandemic, which the government opposed, and the district court ultimately denied [WV Case, Docs. 201, 205, 207]. Further, the government states that defendant's attitude throughout her prosecution and conviction demonstrated a lack of remorse about her crimes. Accordingly, the government's position is that defendant should complete her full term of supervised release.

Title 18, § 3583(e)(1) of the United States Code provides as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). After carefully considering the requirements of the statute, the Court finds that the relevant provisions of 18 U.S.C. § 3553(a) do not support early termination of defendant's supervised release at this time. Defendant's request for early termination is based on her compliance with all the conditions of her supervised release.

3

However, such conduct is expected of defendants on supervised release, and defendant has not otherwise demonstrated that terminating her supervised release is warranted by her conduct or is in the interest of justice at this time. "Early termination is a discretionary decision warranted in cases of changed circumstances, such as where the defendant exhibits exceptionally good behavior." *United States v. Henderson*, No. 3:16-cr-22, 2023 WL 1999857, at *2 (M.D. Tenn. Feb. 13, 2023) (citing *United States v. Campbell*, No. 05-6235, 2006 WL 3925588, at *1 (6th Cir. July 25, 2006)) (internal quotation marks omitted). Aside from complying with the conditions of her supervised release, defendant has not set forth specific facts that show either "exceptionally good behavior" or that circumstances have sufficiently changed that would justify the Court to prematurely terminate her supervised release at this time. Finally, while the Court notes defendant's represented remorsefulness in the instant motions, it also recognizes the position of the government and the USPO that defendant has not accepted responsibility for her crimes based on her actions during the investigation, prosecution, conviction, subsequent appeal, and conduct in the present day.

In light of the foregoing factors, the Court finds that early termination of supervised release is not appropriate at this time. Accordingly, defendant's motions [Docs. 2, 3] for early termination is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE